IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ALFRED B. MAYFIELD,                 )
                                    )
            Petitioner,             )
                                    )
v.                                  )     Case No. CIV-12-785-M
                                    )
KAY COUNTY, OKLAHOMA,               )
NEWKIRK, OKLAHOMA,                  )
                                    )
            Respondent.             )

## REPORT AND RECOMMENDATION

Mr. Alfred Mayfield was charged in state court with driving under the influence of alcohol and released by a special district judge on a $25,000 secured bond. Unable to obtain the bond, Mr. Mayfield has filed a federal petition for habeas relief rather than ask the state district judge for a bond reduction. I recommend dismissal without prejudice because Mr. Mayfield's failure to file a motion with the state district judge constitutes a failure to exhaust state court remedies.

In the Tenth Circuit Court of Appeals, habeas petitions by pretrial detainees are considered under 28 U.S.C. § 2241.[1] In habeas petitions arising under this section, the federal common law requires exhaustion of state court remedies.[2] In Oklahoma, these

_____

[1]     *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (holding that 28 U.S.C. § 2241 applies to challenges involving pretrial detention).

[2]     *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."

remedies include the opportunity to ask the state district judge for a bond reduction.[3]  Mr.

Mayfield bypassed this opportunity; and in doing so, he failed to exhaust one of the remedies

available in state court.[4]

Mr. Mayfield argues that he was entitled to bypass this remedy because he is an

inventor and has numerous federal patents.  But, Mr. Mayfield's patents have nothing to do

with the exhaustion requirement.  His claim involves a constitutional violation – not a patent.

Before Mr. Mayfield can ask the federal court to issue a writ of habeas corpus, he

must take advantage of the opportunity to seek a bond reduction by the state district judge.

He did not pursue this remedy, and the failure requires dismissal.  Because the defect is

curable, however, the dismissal should be without prejudice to the filing of a new action once

Mr. Mayfield has exhausted state court remedies.[5]

---

(citations omitted)).

[3]     *See Maloy v. Wayman*, 464 P.2d 762, 763 (Okla. Crim. App. 1970) (*per curiam*) (holding "that a district judge has the authority to entertain an application to admit an accused to bail although the examining magistrate had denied bail").  Oklahoma law also provides an opportunity to challenge the bail amount through state habeas proceedings.  *See* Okla. Stat. tit. 22 § 1079 (2011); *see also* Rule 1.2(D)(2), Rules of the Oklahoma Court of Criminal Appeals ("Excessive bail . . . is governed by habeas corpus proceedings pursuant to Section 1079 of Title 22 and Section X of these Rules.").  But in arguing nonexhaustion, the Respondent has not identified the state habeas procedure as an available remedy.

[4]     *See Stack v. Boyle*, 342 U.S. 1, 4-5 (1951) (concluding that habeas claims involving bail amounts should have been dismissed for nonexhaustion when the petitioners could have filed motions to reduce bail and appealed adverse rulings).

[5]     *See Valenzuela v. Silversmith*, __ F.3d __, 2012 WL 5507249 (10th Cir. Nov. 14, 2012) (remanding with instructions in a habeas case to order dismissal without prejudice because the decision relied on a failure to exhaust).

The parties are advised of their right to object to this report.  Any such objection must be filed with the Clerk of this Court by December 17, 2012.[6]  The failure to timely object could prevent appellate review of the proposed ruling.[7]

The referral is discharged.

Entered this 28th day of November, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[6]     *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[7]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).